UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-123-FDW

| | |
|---|---|
| CORY LORENZO WALKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| MAJOR KAY, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, (Doc. No. 1). Plaintiff is proceeding *in forma pauperis*. See (Doc. No. 5).

**I.    BACKGROUND**

*Pro se* incarcerated Plaintiff has filed a civil rights suit pursuant to 42 U.S.C. § 1983. He names as Defendants Detectives Major Kay and Andrew Hyde.

Liberally construing the Complaint and accepting the allegations as true, everything Plaintiff owns was illegally taken from him before he was arrested and booked in the Mecklenburg County Jail. Between March 11 and 17, 2014, the Charlotte Mecklenburg Police Department ("CMPD") used "sting ray" cell phone surveillance which they purchased from Homeland Security/ FBI. In 2006, it was used to track record, data, an locate a person in live time through their cell phones for violent and non-violent offenders. Detectives Kay and Hyde did not file applications for court approval to use the cell phone device to locate and record wireless data. CMPD was thus able to listen in on Plaintiff's cell phone conversations. Once Plaintiff discovered that warrants had been filed against him, he contacted a bail bondsman on March 15, 2014, and made a deposit. Plaintiff and the bondsman agreed on the cell phone that he would give Plaintiff,

1

and Plaintiff had two days to collect the rest of the bail money so he could turn himself in. Plaintiff collected over $4,805 from family and friends. On the morning of March 17, 2014, CMPD used the sting ray device to track and locate Plaintiff by collecting his personal cell phone data and found out the date and time when he was going to turn himself in, and arrested Plaintiff before he surrendered. Plaintiff contacted the bail bondsman to notify them he had $4,805 in his pocket to go towards the bond. The bondsman told Plaintiff to surrender himself and that the could post his bond after he was booked. Plaintiff surrendered himself. Plaintiff's $4,805 in cash, cell phone, and house key were confiscated and put into an envelope. He was transported to an investigation room. He did not write a statement or cooperate with Detectives Kay and Hyde which angered them. They illegally took his money and property by placing them in the evidence/property storage room without giving him a copy. They added "extra bogus charges" to make his bond as high as possible which denied him the right to post bail. (Doc. No. 1 at 7). Several months later, Plaintiff received his discovery motion which revealed that only $805 was documented on the evidence and property forms. The extra $4,000 was not documented in discovery which leads Plaintiff to believe that Detectives Kay and Hyde stole it. Plaintiff has tried several times to get his property and money back from CMPD. Plaintiff has lost his property and personal identity and has been arrested and sentenced for a crime he did not commit. He has also suffered physical, mental and emotional pain and depression. He seeks unspecified injunctive relief, and compensatory and punitive damages.

**II.     INITIAL REVIEW STANDARD**

Because Plaintiff is a prisoner proceeding *in forma pauperis*, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In its frivolity

2

review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). A complaint should not be dismissed for failure to state a claim "unless 'after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief.'" Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999)).

A *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009) ("Liberal construction of the pleadings is particularly appropriate where … there is a *pro se* complaint raising civil rights issues."). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). A *pro se* complaint must still contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007); see Ashcroft v. Iqbal, 556 U.S. 662 (2009) (the Twombly plausibility standard applies to all federal civil complaints including those filed under § 1983). This "plausibility standard requires a plaintiff to demonstrate more than a sheer possibility that a defendant has acted unlawfully." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted). He must articulate facts that, when accepted as true, demonstrate he has stated a claim entitling him to relief. Id.

## III. DISCUSSION

The Fourteenth Amendment's Due Process Clause provides that no person shall be deprived of "life, liberty, or property, without due process of law." U.S. Const. Amend XIV. The first inquiry in any due process challenge is whether the plaintiff has been deprived of a protected interest in property or liberty that was accomplished by state action. Tigrett v. The Rector and Visitors of the Univ. of Va., 290 F.3d 620, 628 (4th Cir. 2002); Stone v. Univ. of Md. Med. Sys. Corp., 855 F.2d 167, 172 (4th Cir. 1988). "Unless there has been a 'deprivation' by 'state action,' the question of what process is required and whether any provided could be adequate in the particular factual context is irrelevant, for the constitutional right to 'due process' is simply not implicated." Stone, 855 F.2d at 172.

Where a state employee's random, unauthorized act deprives an individual of property, either negligently or intentionally, the individual is relegated to his state post-deprivation process, so long as the State provides an adequate post-deprivation remedy. Hudson v. Palmer, 468 U.S. 517 (1984); Parratt v. Taylor, 451 U.S. 527 (1981), *overruled on other grounds by* Daniels v. Williams, 474 U.S. 327 (1986)). However, post-deprivation remedies do not satisfy the due process requirement where the deprivation complained of is effected pursuant to an established state procedure rather than a random, unauthorized action. Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982).

Under North Carolina law, an action for conversion will lie against a public official who wrongfully deprives an owner of his property by an unauthorized act. Gallimore v. Sink, 27 N.C.App. 65, 67, 218 S.E.2d 181, 182 (1975). North Carolina's post-deprivation remedies are adequate. N.C. Gen. Stat. § 143-291; see Wilkins v. Whitaker, 714 F.2d 4, 6 (4th Cir. 1983) (due process satisfied where North Carolina tort law provides an adequate avenue for relief for state

prisoner).

Plaintiff appears to allege that his property loss resulted from a random, unauthorized action rather than an established state procedure. Adequate post-deprivation remedies exist for Plaintiff's alleged property loss, so there is no legal theory which would support this claim. See, e.g., Smith v. Ledford, 2006 WL 1431666 at *2 (W.D.N.C. May 22, 2006), *aff'd,* 203 Fed. Appx. 484 (4th Cir. 2006) (dismissing plaintiff's claim that jail administrator confiscated his personal property upon his departure from the jail and refused to return it, because plaintiff had an adequate post-deprivation remedy for conversion).

Further, Plaintiff's claim for damages is barred. The Prison Litigation Reform Act ("PLRA") bars an inmate from seeking damages for mental or emotional injury suffered while in custody absent a showing of physical injury or a sexual act. 42 U.S.C. § 1997e(e). See Perkins v. Dewberry, 139 Fed. Appx. 599 (4th Cir. 2005) (unpublished) (stating that "*de minimis* physical injuries cannot support a claim for mental or emotional injury."); Mayfield v. Fleming, 32 Fed. Appx. 116 (4th Cir. 2002) (unpublished) (stating that "the district court correctly concluded that [plaintiff's] claim for money damages is barred because he can show no physical injury."). Section 1997e(e) does not prevent an inmate from seeking nominal damages, or declaratory or injunctive relief. See generally Memphis Cmty. Sch. Dist. v. Stachura, 477 U.S. 299, 308 n.11 (1986) (stating that "nominal damages, and not damages based on some undefinable 'value' of infringed rights, are the appropriate means of 'vindicating' rights whose deprivation has not caused actual, provable injury....").

Finally, to the extent that Plaintiff complains that his conviction and sentence are illegal, such a claim is not cognizable in a § 1983 action. Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus pursuant to 28 U.S.C. § 2254,

and a complaint under the Civil Rights act, § 1983. Muhammad v. Close, 540 U.S. 749, 750 (2004). "Habeas corpus, and not § 1983, is the exclusive federal remedy for state prisoners seeking actual release from confinement." Griffin v. Baltimore Police Dep't, 804 F.3d 692, 694–95 (4th Cir. 2015) (citing Preiser v. Rodriguez, 411 U.S. 475, 487–90 (1973)).

Plaintiff has failed to state a cognizable claim for relief and, accordingly, this action will be dismissed.

### IV. CONCLUSION

For the reasons stated herein, the Complaint is dismissed without prejudice as frivolous pursuant to Heck and § 1915(e)(2)(B)(i) and (ii).

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

2. The Clerk is instructed to close this case.

Signed: August 13, 2018

Frank D. Whitney
Chief United States District Judge